UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          v.<br><br>MICHAEL PICCIUTO,<br><br>          *Defendant*. | Criminal Action No. 24-cr-290 (DLF) |

**PRE-TRIAL ORDER**

In order to administer the trial of the above-captioned criminal case in a manner that is fair and just to the parties and is consistent with the goal of completing the trial of this case in the most efficient manner, it is hereby

**ORDERED** that counsel shall comply with each of the following procedures and requirements:

1. TRIAL.  Assuming the defendant knowingly and intelligently waives his right to a trial by jury, a bench trial of this matter will commence on **January 13, 2025**, at 9:00 a.m., in Courtroom 14.

2. WAIVER OF JURY TRIAL.  The Defendant shall file a waiver of jury trial on or before **November 11, 2024**. Thereafter, the Court will schedule a hearing to ensure that the defendant's written waiver is knowing and voluntary.

3. PRE-TRIAL CONFERENCE.  A pre-trial conference will be held on **January 7, 2025 at 2:00 p.m.** in Courtroom 14.  The Court will rule on pre-trial motions and objections to proposed exhibits, to the extent possible, at the pre-trial conference, hearing argument as necessary.

1

4. <u>PRE-TRIAL MOTIONS AND MOTIONS IN LIMINE</u>. All pre-trial motions, including motions in limine, shall be filed on or before **November 18, 2025**. Oppositions shall be filed on or before **December 2, 2024**. Replies shall be filed on or before **December 9, 2024**.

5. <u>PROPOSED CRIMINAL ELEMENTS</u>. Given the defendant would like to proceed by bench trial, the Court will provide the parties with its proposed criminal elements. The parties are directed to file, on or before **January 3, 2025**, any objections to the court's proposed criminal elements for each charged offense. The parties shall provide supporting authority. Also, on or before **January 3, 2025**, the parties shall email Chambers (Friedrich_Chambers@dcd.uscourts.gov) a redline copy of their proposed criminal elements, reflecting each party's recommended changes to the Court's proposal.

6. <u>BRADY AND GIGLIO</u>. The Government is under a continuing and ongoing obligation to provide defense counsel any favorable or exculpatory information (*Brady*), whether or not admissible in evidence. *Brady* information must be disclosed on a rolling basis—"the duty to disclose is ongoing." *Pennsylvania v. Ritchie*, 480 U.S. 39, 60 (1987). To the extent it has not already done so, the Government must disclose information that may be useful for impeachment or may otherwise affect the credibility of any Government witness (*Giglio*)—including *Lewis* material—on or before **December 20, 2024**. *See United States v. Celis*, 608 F.3d 818, 835–36 (D.C. Cir. 2010). *Giglio* obligations are also ongoing. Should the Government request it, the Court will enter a protective order precluding counsel from sharing *Giglio* information with their clients.

7. <u>EXHIBIT LISTS</u>. Consistent with the parties' proposal, the parties shall exchange lists of exhibits they intend to use in their cases-in-chief on or before **December 20, 2024**. The parties shall file any objections, with legal grounds and authority, to the admissibility of exhibits

to the extent practicable on or **before 9:00 a.m. on January 6, 2024**. All exhibits are to be marked in advance of trial and listed in order on the exhibit form obtained from Courtroom Deputy Clerk Jonathan Hopkins. The written list of exhibits must contain a brief description of each exhibit. At the commencement of trial, counsel shall furnish the Court with two sets of binders containing their exhibit lists and copies of their pre-marked exhibits.

      8.      WITNESS LISTS. Consistent with the parties' proposal, on or before **November 14, 2024**, the Government shall provide the defense with a list of **general categories** of witnesses the Government intends to call at trial. The Government shall provide its list of witnesses to the defense (and to this Court) on or before **December 20, 2024**. On that same date, the Government shall also provide to the defense all Brady or Giglio material not previously provided pertaining to each witness on the list. In addition, **each Friday** during trial, the Government shall provide to the defense an "order of call" of witnesses for the following week and Jencks Act material for those witnesses. It must also provide a list of witnesses the Government anticipates calling on a particular trial day **no less than 36 hours in advance (if not earlier)**. Defendants shall provide their witness lists to the Government (and this Court) on or before **December 20, 2024** case and the reverse Jencks material **no later than 5:00 p.m. the night before** the witness is to testify. Counsel will not be absolutely bound by the witness lists or order of call in calling their witnesses because, on occasion, in good faith they must change an intended order of proof or find it necessary to call a witness out of turn. In some cases, security concerns may justify non-identification of witnesses by the Government until shortly before they are actually called. These situations, if any, shall be brought to the Court's attention *in camera* when the witness list excluding those names is provided to opposing counsel.

9. **RULE 404(b) EVIDENCE.** The Government shall notify the defense of its intention to introduce any Rule 404(b) evidence not already disclosed on or before **November 11, 2024**. Any motion to exclude 404(b) evidence shall be filed on or before [MIL Date].

11. **TRIAL AND PUNCTUALITY.** Unless counsel are notified otherwise, the bench trial will be conducted each trial day from **9:30 a.m. to 12:30 p.m. and from 1:45 p.m. to 5:00 p.m. on Mondays through Fridays in Courtroom 14.** Trial will convene promptly at the designated time on each trial day.

10. **ELECTRONIC EQUIPMENT.** Representatives of either side who intend to use electronic equipment during the course of this trial shall promptly meet with Courtroom Deputy Jonathan Hopkins, to arrange for the necessary equipment. Representatives of both sides shall meet with Mr. Hopkins to become fully conversant with the procedures for use of the equipment in the courtroom.

11. **TAPES.** For all video or audio tapes to be used in this case, counsel for both sides shall resolve any dispute between any alleged inaccuracy in the transcripts and/or discrepancies between the transcripts and the tapes. If it proves impossible for counsel to resolve the dispute, they shall so advise the Court **at least three days before the tape is to be offered** so that the Court may resolve the dispute efficiently and avoid any delay to the parties and the Court.

12. **GENERAL COURTROOM RULES.** The Court expects counsel to exercise civility at all times toward each other and toward everyone involved in the case or working with the Court.

a. Unless leave is otherwise given, counsel shall interrogate witnesses and make opening statements and closing arguments from the lectern and shall speak into the microphone.

b. Counsel shall obtain permission from the Court before approaching a witness.

c. One counsel for the Government and one counsel for each Defendant shall be designated as lead counsel for each and every witness, for purposes of direct examination, cross-examination, redirect examination, and raising objections.

d. The Court will strictly apply the rules on rebuttal evidence. See Black's Law Dictionary (9th ed. 2009) (defining "rebuttal evidence" as "[e]vidence offered to disprove or contradict the evidence presented by an opposing party").

e. Counsel are reminded that the traditional rules regarding opening statements and closing arguments will be enforced by the Court.

f. All statements by counsel should be directed to the Court and not to opposing counsel.

g. Counsel are reminded that their own opinions regarding facts or issues in a case are irrelevant and should not be communicated to the Court (*e.g.*, "I think . . . , we believe . . .").

h. Unless otherwise permitted by the Court, counsel shall refer to all witnesses over the age of 18, including their clients, as "Mr." or "Ms." or by their official title (*e.g.*, "Captain" or "Dr."). The use of first names or nicknames is prohibited. All witnesses are to be addressed in a respectful and polite manner.

13. <u>DIRECT AND CROSS-EXAMINATION</u>. On direct and cross-examination of a witness, counsel shall not:

a. Testify by improperly incorporating facts into their questions so as to put before the Court information that has not been received in evidence;

b. Use an objection as an opportunity to argue or make a speech;

c. Show a document or anything else that has not yet been received in evidence without leave of the Court. If counsel is using electronic equipment to display documents to the Court, counsel shall make sure that the document has been admitted in evidence before it is shown; or

d. Except in extraordinary circumstances, be permitted to recross-examine any witness.

14. <u>OBJECTIONS AND EVIDENTIARY MATTERS.</u> Any legal matters or evidentiary issues that arise during the course of the trial and have not been the subject of a motion in limine or pre-trial motion should be discussed between counsel no later than the night before the witness or exhibit is to be offered. If there is no resolution, the proponent of the objection or evidence shall fax or email to Chambers and to opposing counsel **that evening** or, in any case, **no later than 7:00 a.m. the next morning**, in succinct terms, a statement of the evidentiary issue or objection and their position, with legal authority. The opposing party shall fax or email by **no later than 8:00 a.m.** the contrary position with legal authority. The Court will discuss and rule during the time for preliminary matters each morning.

15. <u>OBJECTIONS AT TRIAL</u>. Counsel who make objections during trial must state the legal basis for their objections without elaboration or argument (unless invited)—*e.g.*, "objection, hearsay," "objection, lack of foundation." The Court will generally rule on the objection without additional discussion except in the most critical areas. For purposes of

"protecting the record" and assisting appellate review, counsel may explain or amplify their objections on the record.

16. <u>RULE ON WITNESSES</u>.  Except for the parties or their authorized representatives permitted under Rule 615 of the Federal Rules of Evidence and any expert witnesses, all witnesses shall remain outside the courtroom except while actually testifying.  Unless permission for a witness to remain in the courtroom is expressly sought and granted, the rule on witnesses is always in effect, even during voir dire and opening statements.  Counsel shall instruct witnesses not to discuss their testimony with others after they leave the stand.  Except for a Defendant-witness (because of Sixth Amendment implications), counsel calling a witness to testify, and counsel's agents, should have no further discussions with that witness concerning any aspect of the testimony already given or anticipated until such time as the witness has completed his or her testimony.  As to a Defendant-witness, counsel and their agents are directed to the D.C. Circuit's opinion in <u>United States v. McLaughlin</u>, 164 F.3d 1, 4–7 (D.C. Cir. 1998).  At all other times, within the bounds of governing ethics rules and the law, counsel may pursue their discussions with witnesses during the trial.

17. <u>WITNESSES ON CALL</u>.  Once the trial begins, all witnesses shall be put on call at the peril of the calling party.  The trial will not be recessed because a witness on call is unavailable, except in extraordinary circumstances.  The Court will endeavor to accommodate out-of-town and expert witnesses if counsel alerts the Court well in advance of trial.  The party calling a witness shall arrange for that witness's presence until cross-examination is completed, including the following trial day if need be.  The failure to have a witness present for cross-examination following direct examination is grounds to strike the witness's testimony.

18. <u>PRESENCE OF COUNSEL</u>.  Once court is in session, lead counsel shall not leave the courtroom without the Court's express permission.  Failure of counsel to be present and on time may result in sanctions.

19. <u>CLOSING ARGUMENTS AND INSTRUCTIONS</u>.  The Court will not hear opening statements during the bench trial.  At the pretrial conference, the Court will discuss whether the parties prefer to make closing arguments or submit post-trial briefs to the Court. With regard to both opening statements and closing arguments, counsel are admonished not to make statements or arguments that will engender objections.  The Court will intervene *sua sponte* and not wait for objections if it detects a failure to adhere to basic legal principles and standards of civility.  Failure to abide by these rules may result in sanctions.

20. <u>PRESENTATION OF EVIDENCE DURING BENCH TRIAL</u>.  The parties shall confer about potential stipulations and issues in dispute. The parties shall file, on or before **December 20, 2024**, a draft of all stipulations.  At trial, the parties shall streamline their presentation of evidence to eliminate cumulative testimony and exhibits and to focus on issues in dispute.  The parties are encouraged to introduce video evidence without playing it in full.

*Dabney L. Friedrich*
DABNEY L. FRIEDRICH
United States District Judge

October 28, 2024