IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | : | CASE NO 1:24-CR-290 (DLF) |
| Plaintiff | : | DEFENDANT'S BRIEF IN OPPOSITION TO THE THE GOVERNMENT'S MOTION IN LIMINE WITH RESPECT TO EVIDENCE OF MR. PICCIUTO'S CHARACTER |
| -vs- | : | |
| MICHAEL PICCIUTO | : | |
| Defendant | : | |

Now comes Defendant, Michael Picciuto, by and through counsel, and does hereby submit the following in response to the Omnibus Motion in Limine filed by the U.S. Government, specifically with regards to the issue of the introduction of evidence of Mr. Picciuto's character.

The government's argument to exclude character evidence ignores the provisions of Evid. R. 404 itself. Fed R. Evid 404(A) states

**(2)** *Exceptions for a Defendant or Victim in a Criminal Case.* The following exceptions apply in a criminal case:

**(A)** a defendant may offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it;

**(B)** subject to the limitations in Rule 412, a defendant may offer evidence of an alleged victim's pertinent trait, and if the evidence is admitted, the prosecutor may:

**(i)** offer evidence to rebut it; and

**(ii)** offer evidence of the defendant's same trait; Lexis 2024.

The government has argued that evidence of general good character and specific of good character including but not limited to caring for family members, donations, attending religious

services, performing charitable or civic work or other forms of generosity. The Government has argued that such information is not "pertinent." The Word "pertinent" as used in Rule 404(a)(1) means same as "relevant" which is defined in Fed. R. Evid. 401. *United States v. Staggs*, 553 F.2d 1073, 1 Fed. R. Evid. Serv. (CBC) 970, 1977 U.S. App. LEXIS 13651 (7th Cir. 1977), limited, *United States v. Edwards*, 90 F.R.D. 391, 1981 U.S. Dist. LEXIS 12759 (E.D. Va. 1981)). It is error to exclude proffered character evidence of defendant's integrity and status as law-abiding citizen where it was undisputed he undertook certain actions and all that was disputed was whether he did so with prohibited mens rea. *See United States v. Yarbrough*, 527 F.3d 1092, 2008 U.S. App. LEXIS 11770 (10th Cir. 2008).

Unlike character witnesses, who must restrict their direct testimony to appraisals of defendant's reputation, defendant-witness may cite specific instances of conduct as proof that defendant possesses relevant character trait such as peaceableness. *United States v. Giese*, 597 F.2d 1170, 4 Fed. R. Evid. Serv. (CBC) 689, 1979 U.S. App. LEXIS 15007 (9th Cir.), cert. denied, 444 U.S. 979, 100 S. Ct. 480, 62 L. Ed. 2d 405, 1979 U.S. LEXIS 3953 (1979). Character evidence may be admitted which indicates that accused is of such excellent character as to be unlikely to commit offense charged even where issue of his character has not previously been raised. *United States v. Cylkouski*, 556 F.2d 799, 1 Fed. R. Evid. Serv. (CBC) 990, 1977 U.S. App. LEXIS 13544 (6th Cir. 1977). *See also United States v. Yarbrough*, 527 F.3d 1092, 2008 U.S. App. LEXIS 11770 (10th Cir. 2008). (District court erred in excluding proffered character evidence of defendant's integrity and status as law-abiding, trusted police officer, pursuant to Fed. R. Evid. 404(a)(1) and 405, because district court misinterpreted Fed. R. Evid. 404(a)(1), and sole issue for jury was whether defendant undertook his undisputed acts with prohibited state of mind.). The common theme of all of these cases is summed up by *United*

*States v. Dadaille*, 373 Fed. Appx. 380, 2010 U.S. App. LEXIS 7608 (4th Cir.), cert. denied, 561 U.S. 1037, 130 S. Ct. 3533, 177 L. Ed. 2d 1112, 2010 U.S. LEXIS 5305 (2010. In *Dadaille*, the Court reasoned that by taking stand, defendant's credibility became subject to attack on cross-examination. As such, the ability to rebut this attack is necessary and character evidence is one of the primary ways to do so. This is because a defendant has right to establish character trait of being law abiding citizen in every case, not only where he takes stand or when dishonesty is element of crime. *United States v. Hewitt*, 634 F.2d 277, 7 Fed. R. Evid. Serv. (CBC) 899, 1981 U.S. App. LEXIS 20970 (5th Cir. 1981).

     In the case at bar, Mr. Picciuto is charged with numerous crimes in which the intents is critical to the issue of innocence or guilt.  At issue is his intent to obstruct the government, to impede officer's and/or the actual intent to assault officers at the Capital. Even if the government is able to prove the physical action Mr. Picciuto is accused of, without proof beyond a reasonable doubt of his intent, conviction on these types of charges cannot occur. As such, his character with regards to his views towards society, order and treatment of others (all of which can be proven by the type of evidence the Government seeks to exclude) are relevant to what Mr. Picciuto's intentions were on January 6, 2021. Mr. Picciuto's mental state is critical to the success or failure of numerous charges advanced by the Government. As such, the Motion in Limine filed by the Government, with regards to their attempt to prevent the introduction of character evidence offered on Mr. Picciuto's behalf should be denied.

                         Respectfully Submitted,

/s/ Jay F Crook
Jay F Crook (OH #0078499)
Jay F Crook Attorney at law, LLC
30601 Euclid Avene
Wickliffe, OH 44094
PH: 440-725-6203
EMAIL: jaycrooklaw@outlook.com

CERTIFICATE OF SERVICE

Notice of filing of foregoing was served upon the court and opposing counsel via the function of the District Court's Electronic Filing System on the 2nd day of December, 2024, with a copy being made available through same.

Respectfully Submitted,

/s/ Jay F Crook
Jay F Crook (OH #0078499)